FRANK L. JAMES AND MARIE A. JAMES, *v.* KULA
DEVELOPMENT CORPORATION, WILLIAM S.
ELLIS, JR., MASARU SUMIDA, CHARLEY SHI-
RAISHI AND STANLEY UNTEN.

No. 4598.

DECEMBER 13, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* Defendants have appealed to this court
from an order entered May 27, 1966, denying their motion
filed April 12, 1966, and granting plaintiff's motion of
April 21, 1966 for a determination *nunc pro tunc* giving
finality to a summary judgment previously entered in a
multiple claim situation where H.R.C.P., Rule 54(b), re-
quired such determination if the judgment was to be deemed
final. On the same day, May 27, 1966, there was entered
an amended summary judgment pursuant to said order.
However, there is no question of any mistake in the notice
of appeal. Defendants deliberately did not appeal from
the judgment. They take the position that they were en-

titled to appeal from the order. Plaintiffs' motion to dismiss the appeal brings before the court the question whether the appeal taken from the order is interlocutory and hence not authorized. There was no application for and no order allowing the appeal.

Upon review of defendants' arguments in attempted justification of the taking of the appeal from the order instead of the judgment, we find only two reasons given that merit consideration. First, defendants point to the *nunc pro tunc* feature of the order. The situation is as follows: Plaintiffs sued on a promissory note. Defendants by their amended answer interposed counterclaims, thus presenting a multiple claim situation. 6 Moore, *Federal Practice,* § 54.35(1) (2d ed.). Plaintiffs moved for summary judgment on their complaint. On April 1, 1966, the court entered an order that plaintiffs were entitled to judgment on the complaint, and on the same date a "Summary Judgment," signed by the Clerk, was entered and notice of entry given. At this point, the court had not made a Rule 54(b) determination, and the parties are agreed that the April 1 papers were interlocutory in nature.

On April 11, 1966 defendants served by mail, and on April 12, 1966 filed, a motion to set aside the order of April 1, 1966, to vacate the summary judgment of that date, and to strike the notice of entry. As seen, this motion was denied by the order of May 27, 1966. On April 21, 1966, plaintiffs moved for a Rule 54(b) determination, expressly requesting that this be made *nunc pro tunc.* Plaintiffs' motion having been granted, the order appealed from was entered, paragraph 3 of which read as follows:

"3. The Court expressly determines there is and was no just reason for delay of entry of final judgment as to Defendants Kula Development Corporation, Masaru Sumida, Stanley Unten and William S. Ellis, Jr. on the Amended Complaints, and expressly directs en-

try of judgment against said Defendants and expressly directs Plaintiffs to so amend their Summary Judgment to reflect this determination and direction nunc pro tunc as of date of entry on April 1, 1966."

Defendants contend that they could not appeal from the judgment of May 27, 1966 because of the *nunc pro tunc* feature of the judgment. They contend that "appeal therefrom would have to be taken within 30 days of April 1, 1966 * * *." We do not agree. Defendants could have appealed from the judgment of May 27, 1966, presenting their contention that the *nunc pro tunc* provision of the judgment was error, as well as their other specifications of error in the judgment. Defendants mistakenly assume that once the judgment was entered *nunc pro tunc* it was beyond rectification unless they secured a reversal of the order for such entry.

Correctly viewed, the order was no more final than any other order which merely directs the entry of judgment. *Cf., Makainai* v. *Lalakea,* 24 Haw. 518; *Ung Wo Sang Co.* v. *Alo,* 7 Haw. 673; *Mutch* v. *Holau,* 5 Haw. 314. When the *nunc pro tunc* entry was made the decision to allow the *nunc pro tunc* provision became final, not before. As in other cases, "* * * until the adjudication the order remains subject to be reversed by the judge * * *." *In re Holt,* 20 Haw. 255, 259.

Defendant Ellis further contends that the order of May 27, 1966 was appealable because it denied defendants' motion filed April 12, 1966. That motion had sought to set aside the order and judgment of April 1, 1966 as not made in compliance with Rules 20, 21 and 22 of the Circuit Court, First Circuit, among other grounds. Defendant Ellis seeks to analogize the situation to that obtaining when a motion for relief from a final judgment is made under Rule 60 (b). He cites *Stafford* v. *Dickison,* 46 Haw. 52, 374 P.2d 665.

The motion filed April 12, 1966 was not a Rule 60(b) motion. That is, it was not a case of relief being sought from a "final judgment," within the meaning of that rule. 7 Moore, *Federal Practice,* § 60.20 (2d ed.). As seen, the papers filed on April 1, 1966 were interlocutory in nature. However, defendant Ellis argues that the "Summary Judgment" purported to be final. While that did not change the true character of the April 1 proceedings, there is a conflict of opinion concerning the appealability of what purports to be a final judgment on which execution might issue, when the supposed judgment really is nothing more than an interlocutory order. Compare *Rabekoff* v. *Lazere & Co.,* 323 F.2d 865, 866 (2d Cir.) with *Biggins* v. *Oltmer Iron Works,* 154 F.2d 214, 217 (7th Cir.) ; 6 Moore, *Federal Practice,* § 56.20(4) at 2765-67, § 56.21(1.-2) at 2783 (2d ed.). Assuming without deciding that an appeal could have been taken from the "Summary Judgment" of April 1, and that such judgment had a measure of finality, on that assumption we would be led to the conclusion that defendants by their motion tolled the time for appeal, and with it the finality of the judgment. While filed April 12, 1966, the motion was served on April 11, 1966, within ten days of the "Summary Judgment" of April 1.[1] Therefore, the April 1 judgment cannot have had any finality before May 27, 1966, when defendants' motion was denied.[2] At that same time the April 1 judgment was amended, and as we have held an appeal could have been taken from the amended judgment. An appeal from a denial of a Rule 60(b) motion presents a different situation, one in which the motion has not affected the finality of the judgment.[3]

---

[1] *Claybrook Drilling Co.* v. *Divanco, Inc.,* 336 F.2d 697, 700 (10th Cir.).

[2] See H.R.C.P., Rule 73(a) ; *Scott* v. *Liu,* 46 Haw. 221, 224-225, 377 P.2d 696, 699-700, *rehearing denied,* 46 Haw. 289, 378 P.2d 880; *Marn* v. *Reynolds,* 44 Haw. 655, 658, 361 P.2d 383, 386, *rehearing denied,* 44 Haw. 684, 361 P.2d 389.

[3] See *Scott* v. *Liu, supra,* note 3, 46 Haw. at 224, 377 P.2d at 699.

An appeal from a denial of a motion which has affected the finality of a judgment is not to be used as a substitute for an appeal from the judgment itself.[4] As stated in *Gersing* v. *Chafitz*, 133 F.2d 384 (D.C. Cir.):

> "It is settled law that an appeal does not lie from an order denying a motion for new trial, for rehearing, or to vacate a judgment, and that the appeal should be taken from the judgment itself."

The point is explained in *Payne* v. *Koehler*, 225 F.2d 103, 105, (8th Cir.), quoting from *United States* v. *Muschany*, 156 F.2d 196, 197 (8th Cir.):

> "The general rule is that if a motion for rehearing or for a new trial, or to vacate, amend or modify a judgment or the findings upon which it is based, is made seasonably and is entertained, such motion has the effect of extending the time for appeal from the judgment (sought to be affected) until final disposition of the motion. Such a motion is held to deprive the judgment 'of that finality which is essential to appealability.' *Leishman* v. *Associated* [*Wholesale*] *Electric Co.*, 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714. This does not mean, however, that an order disposing of such a motion is an appealable order or that an appeal from it brings up for review the question of the legality of the judgment.
>
> "* * * The appeal lies from the final judgment or order challenged by the motion, and not from the District Court's refusal to modify it. * * *"

The motion to dismiss the appeal is granted, and an order of dismissal will be signed on presentation.

*Keith J. Steiner* (*Hughes & Steiner* of counsel), for the motion.

*Ralph E. Corey* (*Clark, Corey, Robinson, Ryan & Ryan* of counsel), and *William S. Ellis, Jr.*, pro se, contra.

---

[4] See *Stafford* v. *Dickison*, *supra*, 46 Haw. 52, 57, 374 P.2d 665, 668; 6 Moore, *Federal Practice*, § 59.15(1) at 3891-92, § 59.15(4) (2d ed.).