539 P.2d 137 (1975)
The JOSLIN DRY GOODS COMPANY, a Colorado Corporation, Plaintiff-Appellee,
v.
VILLA ITALIA, LTD., a limited partnership and Abe Perlmutter Construction Co., Inc., a Colorado Corporation, Defendants-Appellants.
No. 74-043.
Colorado Court of Appeals, Div. III.
January 28, 1975.
Rehearing Denied February 10, 1975.
*138 Grant, Shafroth, Toll & McHendrie, P. C., John N. Dahle, Denver, for plaintiff-appellee.
Conover, McClearn, Burkhardt & Heppenstall, P. C., Rick G. Davis, Richard R. Helmick, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Appellee Joslin Dry Goods Company (Joslin's) brought this suit to enjoin Villa Italia, Ltd., and Abe Perlmutter Construction Company, Inc., from constructing a building intended to be occupied by a Safeway supermarket on the premises of the Villa Italia Shopping Center. Joslin's alleged that its lease agreement with Villa Italia's predecessor in interest prohibited the landlord from erecting a building within the proposed construction area without its consent.
Joslin's filed a motion to dismiss this appeal, contending that this court lacked jurisdiction over the appeal because appellants' motion for a new trial was untimely. We denied the motion, but granted leave for Joslin's to reassert that issue in its brief and oral argument. Upon reconsideration of the pertinent circumstances, we find that the record does not contain a proper entry of judgment, and, accordingly, we may not render an opinion on the merits.
The facts pertinent to this issue are as follows: On September 25, 1973, at the conclusion of the hearing on the substantive issues, the court orally announced its decision to enjoin further construction of the building, to grant a mandatory injunction requiring restoration of the premises to their condition prior to the beginning of construction of the Safeway building, and to order defendant to pay plaintiff's costs. An "Entry of Judgment," which capsulizes the court's decision, also is dated September 25. The entry of judgment contains the signature of only the clerk of the court; it bears no indication that the document was ever approved or considered by the trial court. While there is no excerpt from the court register of actions in the record, the parties have indicated agreement that, on September 25, the clerk of the court made a notation in the register of actions which purported to be an entry of judgment satisfying C.R.C.P. 58(a)(3). The trial court's written "Findings, Conclusions and Order" iterating its decision is dated September 26, 1973, "nunc pro tunc, September 25, 1973." The trial court found, and the parties agreed, that appellant filed its motion for new trial on October 9.
C.R.C.P. 59(b) states that "[a] motion for a new trial shall be filed not later than 10 days after the entry of the judgment". (emphasis added) October 8, 1973, was Columbus Day. Thus, under the computation rules of C.R.C.P. 6(a), appellant's motion for new trial was one day late if the entry of judgment occurred on September 25.
C.R.C.P. 58(a) governs the entry of judgment. Insofar as pertinent, that rule states:
"(1) Upon general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs, *139 or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare and enter the judgment . . . without awaiting any direction by the court; (2) Upon a decision by the court granting other relief. . . the court shall promptly prepare a written form of the judgment, and the clerk shall thereupon enter it on the register of actions as provided by Rule 79(a) . . . ." (emphasis added)
The injunctions granted by the trial court constitute "other relief" within the meaning of the above rule, and therefore the court was required to prepare a written form of the judgment which "thereupon" was to be entered by the clerk.
Appellants contend that the rule requires that the court's preparation of the written form of the judgment precede the clerk's entry of the judgment. We agree. In this context, the word "thereupon" indicates a sequence of events in which the entry of judgment follows, in point of time, the preparation of the written form of judgment. See State ex rel. Warnick v. Wilson, 162 Kan. 507, 178 P.2d 277; In re Opinion of the Justices, 309 Mass. 609, 35 N.E.2d 5; Decker v. City of Toledo, 56 Ohio App. 344, 10 N.E.2d 955. See also 6A J. Moore, Federal Practice ¶¶ 58.04[1], 58.04[4.-2] (2d ed.); Fed.R.Civ.P. 58 (Advisory Committee Notes to 1963 Amendments).
Since there is nothing in the record to indicate that the "Entry of Judgment" was prepared or approved by the court, that document cannot serve as the written form of the judgment required by C.R.C.P. 58(a)(2). In fact, the record does not contain any document executed before the clerk's notation of judgment in the register of actions, and, therefore, the notation cannot function as an entry of judgment.
The court's "Findings, Conclusions, and Order" of September 26 is sufficient to function as the written form of the judgment required by C.R.C.P. 58(a)(2). However, even though a nunc pro tunc order generally is fully operative on the litigants' rights as of the prescribed effective date, Stone v. Currigan, 138 Colo. 442, 334 P.2d 740, a nunc pro tunc order cannot be used to reduce the time nor to defeat the right to take an appeal. In re D'Arcy, 142 F.2d 313 (3rd Cir.); Utah State Building Board v. Walsh Plumbing Co., 16 Utah 2d 249, 399 P.2d 141; Phillips v. Phillips, 41 Cal.2d 869, 264 P.2d 926; 6A J. Moore, Federal Practice ¶ 58.08 (2d ed.). Hence, the filing of the September 26 order nunc pro tunc as of September 25, cannot give effect to the clerk's September 25 entry, and the record in this case does not indicate that the September 26 order has subsequently been entered in the register of actions.
Therefore, there is no valid entry of judgment in this case, and the ten days prescribed by C.R.C.P. 59(b) for filing a motion for new trial has never begun to run.
While we realize that the entry of judgment is a purely ministerial act, Jones v. Galbasini, 134 Colo. 64, 299 P.2d 503, and that some appellate courts have determined the merits of an appeal even though an entry of judgment was lacking, see, e. g., Hamilton v. Stillwell Van & Storage Co., 343 F.2d 453 (3rd Cir.), we feel bound by the statement in Jones v. Galbasini, supra, that an appellate "must see that the actual judgment has been pronounced by the court and than entered by the clerk and that it appears in the record, otherwise no reviewable judgment is presented."
However, because of the posture of this case, common sense dictates that it should not be necessary to initiate entirely new appeal procedures to obtain a review on the merits. We, therefore, remand this case for the proper entry of judgment in compliance with this opinion and for certification of supplemental record upon completion of the entry. We will then proceed to decide this case on its merits without *140 the necessity of any further briefs or oral argument by the parties.
The cause is remanded for further proceedings.
SMITH and KELLY, JJ., concur.