**TED STRATIS, SAEKO STRATIS, CHARLES K.C. CHANG**, and **WINONA L. CHANG**, Plaintiffs–Appellants, v. **PACIFIC INSURANCE COMPANY, LIMITED, SENTINEL INSURANCE COMPANY, LIMITED, HARTFORD FIRE INSURANCE COMPANY**, and **GAB BUSINESS SERVICES, INC.**, Defendants–Appellees, and **FRANK B. HALL & COMPANY OF HAWAII, INC.**, Defendant

NO. 14050

(CIV. NO. 78179)

JULY 3, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This case is before us for the second time. In the first appeal, we held that plaintiffs Ted Stratis, Saeko Stratis, Charles K.C. Chang, and Winona L. Chang (collectively Plaintiffs) were entitled to an evidentiary hearing on the issue of juror misconduct and remanded the case. *Stratis v. Pacific Ins. Co.,* 7 Haw. App. 1, 739 P.2d 251 (1987). In this appeal, Plaintiffs challenge the order denying their motion for new trial entered by the lower court after an evidentiary hearing. Because the indication is that the lower court imposed the burden of proof on the wrong party, we vacate the order appealed from and remand the case with directions.

I.

Our opinion in *Stratis, supra,* details the facts of this case. The following facts will suffice for the purpose of this opinion. In 1983, Plaintiffs, as insureds, sued defendants Pacific Insurance Company, Limited, Sentinel Insurance Company, Limited, and Hartford Fire Insurance Company, the insurers, and GAB Business Services, Inc., an independent claims adjuster (collectively Defendants). Plaintiffs' complaint alleged breach of a fire insurance policy and bad faith and negligent settlement of their insurance claim of a fire loss.

The case was tried before a jury. The jury returned a special verdict in favor of Defendants. After the entry of a judgment, Plaintiffs filed a motion for new trial, claiming, *inter alia*, that a juror's unauthorized visit to the fire damaged premises prejudicially affected the verdict. Upon denial of the motion, Plaintiffs appealed. We vacated the order denying Plaintiffs' motion and directed the lower court "to conduct an evidentiary hearing on the issues of juror misconduct and waiver thereof." *Stratis*, 7 Haw. App. at 10, 739 P.2d at 257.

After remand of the case, the following events occurred:

August 13, 1987 – the lower court held an evidentiary hearing.

December 22, 1988 – the court entered its Findings of Fact and Conclusions of Law (FOF & COL), wherein the court concluded that the juror's unauthorized visit did not "influence" or "affect" the verdict and "was not prejudicial against Plaintiffs." Record, Vol. 6 at 56.

December 30, 1988 – a notice of entry of the FOF & COL was filed.

January 20, 1989 – Plaintiffs filed their notice of appeal.

July 12, 1989 – the supreme court dismissed the appeal on the ground that since there "was no new order denying the motion for new trial," there was no appealable final judgment. *Id.* at 163.

August 14, 1989 – the court entered an "Order Denying Plaintiffs' Motion for New Trial" (August 14, 1989 Order), which states:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for New Trial is hereby denied *nunc pro tunc, as of the date of entry on December 30, 1988.*

*Id.* at 166 (emphasis added).

September 1, 1989 – Plaintiffs filed a notice of appeal.

## II.

Because of the "nunc pro tunc" provision in the August 14, 1989 Order, *sua sponte*, we raised the issue of appellate jurisdiction, and ordered a discussion of that matter at oral argument.

Hawaii Rules of Appellate Procedure Rule 4(a)(1) requires the filing of an appeal "within 30 days after the date of entry of the judgment or order appealed from." Here, absent the "nunc pro tunc" provision, the September 1, 1989 filing of the appeal from the August 14, 1989 Order was timely. However, was the appeal timely when the August 14, 1989 Order was made effective retroactively as of December 30, 1988?

At oral argument, citing *James v. Kula Dev. Corp.*, 49 Haw. 508, 421 P.2d 296 (1966), *cert. denied*, 389 U.S. 864, 88 S. Ct. 125, 19 L. Ed. 2d 134 (1967), Defendants' counsel argued that we have appellate jurisdiction. In *James*, the supreme court stated, in dictum, that the defendants in that case "could have appealed from the judgment . . . , presenting their contention that the *nunc pro tunc* provision of the judgment was error[.]" *Id.* at 510, 421 P.2d at 298. However, in the case at bar, Plaintiffs did not contend that the "nunc pro tunc" provision in the August 14, 1989 Order was error. In fact, Plaintiffs seemed unaware of the provision or its import.

Under the Federal Rules of Civil Procedure, "the *actual* date of the nunc pro tunc entry will be controlling where the net effect of looking to the nunc pro tunc date would be a reduction or elimination of the time within which an appeal may be timely taken[.]" 6A J. Moore, J. Lucas & G. Grother, Jr., *Moore's Federal Practice* ¶ 58.08, at 58–81 (2d ed. 1989) (emphasis in original).

State cases are in accord with the federal rule. The California Supreme Court has stated:

> Even if the judgment were entered nunc pro tunc, a party's right to an appeal cannot be cut off by antedating the entry of the judgment from which he desires to appeal.

*Phillips v. Phillips*, 41 Cal. 2d 869, 875, 264 P.2d 926, 930 (1953). *See also Valley Nat'l Bank of Arizona v. Meneghin*, 130 Ariz. 119, 123, 634 P.2d 570, 574 (1981) ("an appeal can be taken from a judgment *nunc pro tunc* and . . . the time for appeal runs from the entry of the judgment *nunc pro tunc*"); *Joslin Dry Goods Co. v. Villa Italia, Ltd.*, 35 Colo. App. 252, 255, 539 P.2d 137, 139 (1975) ("a nunc pro tunc order cannot be used to reduce the time nor to defeat the right to take an appeal"); *Utah State Bldg. Bd. v. Walsh Plumbing Co.*, 16 Utah 2d 249, 254, 399 P.2d 141, 144 (1965) (a nunc pro tunc provision "cannot be used to reduce the time nor to defeat the right to take an appeal").

We adopt the rule of the foregoing authorities and hold that the thirty–day appeal time ran from the entry date of the August 14, 1989 Order, notwithstanding the nunc pro tunc provision therein.

Accordingly, we have appellate jurisdiction in this case.

## III.

In *Stratis*, we held that "[t]he unauthorized view of the premises by a juror 'is not in and of itself prejudicial in the absence of a showing that it influenced or affected the verdict.'" 7 Haw. App. at 7, 739 P.2d at 255 (quoting 75 Am. Jur. 2d *Trial* § 984, at 829 (1974)). That holding imposed the burden of showing prejudice on Plaintiffs.

On August 10, 1989, about seven and one–half months after the lower court entered its FOF & COL, the supreme court decided *Lopez v. Sears Roebuck & Co.*, 70 Haw. 562, 777 P.2d 715 (1989). In *Lopez*, the court recognized the difficulty of showing prejudice because Hawaii Rules of Evidence Rule 606(b) precludes consideration of a juror's testimony "concerning the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict . . . or concerning his mental

processes in connection therewith." Therefore, the court overruled this court in *Stratis* by holding that:

> [w]hen there has been unauthorized and improper investigation by one or more of the jurors, there is a *presumption of prejudice* and the verdict will be set aside unless it is *clearly shown* that the juror's conduct could not have affected the verdict.

*Id.* at 564, 777 P.2d at 717 (emphasis added).

Relying on *Lopez*, Plaintiffs assert that the errant juror's conduct created a "presumption of prejudice" and the lower court erred in denying their motion for a new trial. *Lopez* was not decided and its precepts were unknown to the lower court when it made its FOF & COL and denied Plaintiffs' motion. However, *Lopez* is the law and is applicable in this case.

The FOF & COL do not specify which party had the burden of proof. We must assume, however, that the lower court followed our direction and placed the burden on Plaintiffs to show that the errant juror's conduct affected the verdict and prejudiced them. If the court had started with the presumption that the errant juror's conduct was prejudicial and placed the burden on Defendants to rebut that presumption with a clear showing, its findings and conclusions may have been favorable to Plaintiffs. This is plausible since some of the special interrogatories in the special verdict indicated a jurors' vote of 10–2, and the errant juror was one of the 10.

Under the circumstances of this case, fairness compels us to give the lower court, which conducted the evidentiary hearing, an opportunity to apply the *Lopez* presumption, impose a burden on Defendants to rebut the presumption by a clear showing, make new findings and conclusions, and enter a new order in conformance therewith.

Accordingly, we vacate the Findings of Fact and Conclusions of Law filed on December 22, 1988, and the Order Denying

Plaintiffs' Motion for New Trial filed on August 14, 1989, and remand the case for further proceedings consistent with this opinion.

*Ronald G.S. Au* (*Connie G.W. Meredith* with him on the briefs) for plaintiffs–appellants.

*Calvin E. Young* (*James F. Ventura* and *Rhonda A. Nishimura* with him on the brief; Libkuman, Ventura, Ayabe, Chong & Nishimoto, of counsel) for defendants–appellees Pacific Insurance Company, Limited, Sentinel Insurance Company, Limited, and Hartford Fire Insurance Company.

*Peter C.–P. Char* (*Andrew K. Mirikitani* with him on the brief; Char Hamilton Campbell & Thom, of counsel) for defendant–appellee GAB Business Services, Inc.