Larry M. FITZGERALD, d/b/a Shrum
Manufactured Housing, Appellant–
Plaintiff,

v.

Susan K. CUMMINGS, Appellee–
Defendant.

No. 49A02–0209–CV–708.

Court of Appeals of Indiana.

Aug. 4, 2003.

Alan M. Hux, Kristina Keener Yeager, Kortepeter, McPherson, Hux, Freihofer & Minton, Indianapolis, IN, Attorneys for Appellant.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Lawrence M. Lunn, Lunn & Associates, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Larry Fitzgerald appeals the decision of the trial court denying his motion to cor-

rect error. In particular, Fitzgerald claims that the trial court should have denied Susan Cummings' motion to set aside the judgment against her because Cummings failed to establish any ground for relief and to show a meritorious defense. In addition, Fitzgerald claims that Cummings did not timely file her motion for relief. Because the trial court could find that Cummings showed excusable neglect and because she testified to a meritorious defense, we find that the trial court did not err. Also, because a *nunc pro tunc* order cannot be used to unfairly prejudice a party, we conclude that the motion to set aside the judgment was timely filed, and we affirm.

### Facts and Procedural History

In December 1994, Cummings entered into a contract with Fitzgerald, doing business as Shrum Manufactured Housing, to purchase a modular home and place it on her property in Centerpoint, Indiana. In January 1997, Fitzgerald filed a complaint against Cummings alleging that she had failed to pay him all that was required by their contract. Cummings was served with process at the modular home in Centerpoint, and she later hired an attorney. Her attorney filed an appearance, answered the complaint, and filed a counterclaim against Fitzgerald. At some point after being served process, Cummings moved to Indianapolis.

In June 1998, Cummings' attorney filed a motion to withdraw his appearance. In its order granting the motion, the trial court ordered that future notices be sent to Cummings at her new address in Indianapolis.

In May 1999, Cummings moved to Greenwood, Indiana. She filed a change of address notice with the postal service but did not inform the trial court. In March 2000, Fitzgerald mailed a notice of trial to Cummings at her Indianapolis address. Shortly thereafter, the trial court may have sent an order to Cummings at her Indianapolis address setting trial for May 2000.[1]

■ At the May 2000 hearing, the trial court did not hear evidence of liability but simply "defaulted" Cummings because she failed to appear at the hearing.[2] After accepting evidence about damages and attorney fees, the court found Fitzgerald's total damages to be $26,806.02, plus interest and costs. The court also dismissed Cummings' counterclaim with prejudice. A CCS entry reflects the above; however, an order granting judgment to Fitzgerald and assessing damages against Cummings was not entered at that time.

---

**1.** Although an entry that this notice had been sent was not recorded in the Chronological Case Summary ("CCS"), Cummings' Indianapolis address was listed on the order's distribution list.

**2.** We note that when a defendant has filed a responsive pleading and fails to appear for trial, a default judgment is improper. *Pinkston v. Livingston,* 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990). As we stated:
> A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered with-

out the trial of any issue of law or fact. Obviously *where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial.* Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment. *Id.* (quoting *Aetna Sec. Co. v. Sickels,* 120 Ind.App. 300, 308, 88 N.E.2d 789, 792–93 (1949), *reh'g denied, trans. denied*) (internal citations omitted) (emphasis in original).

In May 2001, the trial court sent notice of a June 2001 court date to Cummings at her Indianapolis address. When Cummings failed to appear for the June court date, the trial court issued its order granting judgment against Cummings for the $26,806.02 in damages as determined in its May 2000 hearing. The court's order also stated, "Notwithstanding the date of enter [sic] this order shall be effective as of May 18, 2000." Appellant's App. p. 53. The trial court mailed a copy of its order to Cummings at her Indianapolis address.

Then, in January 2002, Cummings moved to set aside the judgment pursuant to Indiana Trial Rule 60(B). The trial court heard arguments on the motion. During the hearing, Cummings denied ever receiving any of the notices related to the case until the June 2001 order. After the hearing, the trial court set aside the judgment. Fitzgerald filed a motion to correct error, which was deemed denied. This appeal ensued.

### Discussion and Decision

Fitzgerald argues that the trial court erred when it denied his motion to correct error. In particular, Fitzgerald claims that the trial court should not have granted Cummings' motion to set aside the judgment because Cummings failed to establish excusable neglect and because she did not show a meritorious defense. In addition, Fitzgerald claims that Cummings did not file her motion for relief within the required one year.

■ Because Fitzgerald had the burden of proof on the motion to correct error, he is appealing from a negative judgment. *See Garling v. Ind. Dep't of Natural Res.*, 766 N.E.2d 409, 411 (Ind.Ct.App.2002), *trans. denied*. An appeal from a negative judgment determines our standard of review. *Frye v. Vigo County*, 769 N.E.2d 188, 192 (Ind.Ct.App.2002). This Court will not reverse the judgment of the trial court unless it is contrary to law. *Id.* In determining whether the trial court's judgment is contrary to law, we will consider the evidence in a light most favorable to the appellee, together with all reasonable inferences to be drawn therefrom. *Id.* The judgment will be reversed only where the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *Id.*

■ Generally, default judgments are not favored in Indiana, for it has long been the preferred policy of this State that courts decide controversies on their merits. *Nwannunu v. Weichman & Assocs., P.C.*, 770 N.E.2d 871, 876 (Ind.Ct.App. 2002), *reh'g denied.* In reviewing a trial court's determination, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Id.* Any doubts as to the propriety of a default judgment are resolved in favor of the defaulted party. *Id.*

### I. Excusable Neglect

■ Fitzgerald first argues that Cummings failed to establish a prima facie case for relief from a judgment under Indiana Trial Rule 60(B)(1), which states:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect[.]

A trial court's discretion in this area is necessarily broad because any determination of mistake, surprise, or excusable neglect turns upon the particular facts and circumstances of each case. *Nwannunu*, 770 N.E.2d at 876. Because the circumstances of each case differ, there are no fixed rules or standards for determining

what constitutes mistake, surprise, or excusable neglect. *Id.* In making its determination, the trial court must balance the need for an efficient judicial system with the judicial preference for resolving disputes on the merits. *Id.*

In this case, Cummings answered the complaint. She later moved and failed to notify the court of her change in address. Because she heard nothing about the lawsuit for some time, she "assumed that there was no case anymore." Tr. p. 13. It was not until June 2001 that she became aware that she had missed the May 2000 hearing and that the trial court had entered a judgment against her. Cummings then moved to set aside the judgment. During the hearing on her motion, Cummings testified that she did not receive any notices about the May 2000 hearing because she had moved. In addition, there is no CCS entry indicating that a notice of the May 2000 hearing was sent to Cummings, even though an entry indicated that notice was sent to Fitzgerald's counsel. Thus, because the trial court could have found that Cummings did not receive notice of the May 2000 hearing and because trial courts are given wide latitude on when to find excusable neglect, we find no trial court error.

## II. Meritorious Defense

■■■■■ Fitzgerald next argues that Cummings failed to prove a meritorious defense. To prevail on a motion to set aside a judgment due to mistake, surprise, or excusable neglect, a party is also required to demonstrate that she has a meritorious defense to the action. Ind. Trial Rule 60(B). A meritorious defense is one showing that if the case were tried on the merits, a different result would be reached. *Nwannunu,* 770 N.E.2d at 879. The movant need not prove the meritorious defense but only show enough admissible evidence to make a prima facie show-ing to indicate that the judgment would change and the party would suffer an injustice if the judgment were allowed to stand. *Id.* The mere allegation that but for the excusable neglect the action would have been defended is insufficient to set aside a judgment. *Chelovich v. Ruff & Silvian Agency,* 551 N.E.2d 890, 892 (Ind. Ct.App.1990).

Here, Cummings testified during the hearing on her motion to set aside the judgment. During her testimony, she explained that she believed she had a meritorious defense and then referenced her pleadings. Fitzgerald claims that this was no more than a bare allegation that a meritorious defense existed. We disagree. Cummings' reliance on her pleadings, which were rather detailed in nature, went farther than merely alleging that a meritorious defense existed. In particular, she denied Fitzgerald's allegations and responded that his workmanship was defective, that he committed home improvement fraud, and that he failed to comply with several statutes. Accordingly, we cannot say that the trial court erred when it found that Cummings presented prima facie evidence of a meritorious defense.

## III. *Nunc Pro Tunc* Order

■■■■ Fitzgerald lastly argues that Cummings did not timely file her motion for relief from judgment. A party seeking relief pursuant to Trial Rule 60(B)(1) is required to file her request within one year "after the judgment, order or proceeding was entered or taken...." *See* Ind. Trial Rule 60(B). Here, the trial court rendered a judgment for Fitzgerald in May 2000; but, no order was entered at that time. It was not until June 2001 that the trial court entered a *nunc pro tunc* order, which stated that the order's effective date was May 2000. Fitzgerald claims that because the June 2001 *nunc pro tunc* entry backdated the effective date of the

order to May 2000 and because Cummings did not file her motion for relief until January 2002, her request was not timely filed.

No Indiana case has dealt with the situation created by this case, where a *nunc pro tunc* order purports to eliminate a party's right to file a subsequent motion for relief from judgment. Thus, for guidance, we look to decisions from other states. Several states prohibit the use of a *nunc pro tunc* order where it obviates a party's right to an appeal. *See, e.g., Law Offices of Andrew L. Quiat, P.C. v. Ellithorpe,* 917 P.2d 300, 303 (Colo.Ct.App. 1995) ("Although a *nunc pro tunc* order operates retrospectively and generally is fully operative on the litigant's rights as of the prescribed effective date, it cannot be used to reduce the time or defeat the right to take an appeal."), *reh'g denied, cert. denied; Stratis v. Pac. Ins. Co.,* 8 Haw. App. 79, 794 P.2d 1122, 1124–25 (1990) ("[T]he *actual* date of the *nunc pro tunc* entry will be controlling where the net effect of looking to the *nunc pro tunc* date would be a reduction or elimination of the time within which an appeal may be timely taken"); *Duluth Ready–Mix Concrete, Inc. v. City of Duluth,* 520 N.W.2d 775, 777 (Minn.Ct.App.1994) ("Consistent with the remedy of *nunc pro tunc* as a means of correcting the record without prejudicing the parties, we hold that entry of judgment *nunc pro tunc* cannot operate to cut off a party's appeal rights."). The policy operating in each of these cases is that it would be unfair to deny a party a fundamental right by backdating an order to a date that precludes further review. We agree with that policy and find that a *nunc pro tunc* order may not be used to prejudice a party's right to seek review, whether it be from a trial court or from an appellate court.

In this case, Cummings was unaware of the judgment until the order was distributed to her in June 2001. Thus, it would be unfair to deprive her of the ability to set aside that judgment by backdating the effective date of the order to May 2000. Once Cummings found out about the judgment entered in June 2001, she filed her motion to set aside the judgment within one year of the actual date the order was entered. Accordingly, we conclude that the trial court did not err when it found her motion to set aside the judgment was timely filed.

Therefore, because Fitzgerald has not established that the evidence points to a conclusion opposite of that reached by the trial court, we affirm the decision of the trial court to deny his motion to correct error.

Judgment affirmed.

FRIEDLANDER, J., and ROBB, J., concur.