# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 25 2017, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew S. Williams
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Lee F. Baker
Nationwide Mutual Insurance
Company Trial Division
Carmel, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rachel Stempien, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Jacqueline R. Keating, <br> *Appellee-Defendant.* | January 25, 2017 <br><br> Court of Appeals Case No. 02A03-1609-CT-2208 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Stanley A. Levine, Judge <br><br> Trial Court Cause No. 02D03-1411-CT-506 |

**Bailey, Judge.**

# Case Summary

Rachel Stempien ("Stempien") filed a complaint against Jacqueline R. Keating ("Keating"), and the trial court dismissed the case with prejudice when Stempien failed to comply with an order compelling discovery. Stempien filed a Trial Rule 60(B)(1) motion for relief from judgment, which the trial court denied. Stempien then filed a motion to correct error, which the trial court denied. Stempien now raises multiple issues on appeal, which we consolidate and restate as whether the trial court abused its discretion when it denied her motion to correct error.

We affirm.

# Facts and Procedural History

On November 12, 2014, Stempien filed a complaint against Keating seeking damages for personal injuries allegedly resulting from a vehicle accident. On April 8, 2015, Keating answered Stempien's complaint. Keating also served written discovery requests, but Stempien did not respond. Keating eventually filed a motion to compel, which the trial court set for hearing on August 12, 2015. On the day of the scheduled hearing, Keating's counsel, Lee F. Baker, called Stempien's counsel, Matthew S. Williams ("Williams"). After the call, Williams sent the following email message:

> Lee,

> Thanks for calling me this morning, Wednesday 8-12-15. As we discussed, I have called and chatted with court staff. Judge has agreed to vacate the hearing for today on the motion to compel.
>
> By way of this email, I agree to get the discovery to you within the next 7 days. Thank you for your patience in this matter, it is much appreciated.

(Appellee's App. Vol. 2 at 11.)

[4] Stempien did not provide discovery within the agreed timeframe, and Keating filed another motion to compel. The trial court granted Keating's motion to compel on October 26, 2015, and ordered Stempien to provide discovery within seven days. When Stempien did not comply with the order, Keating filed a motion to dismiss. On November 25, 2015, the trial court granted Keating's motion and dismissed Stempien's case with prejudice.

[5] On May 23, 2016, Stempien filed a motion seeking Trial Rule 60 relief from the dismissal on grounds of mistake and excusable neglect. Attached to the motion was an affidavit signed by Williams's legal assistant. The assistant averred to matters in her personal life that allegedly affected her work performance in 2015. The assistant also cursorily mentioned that Williams had his own family stresses.

[6] On May 26, 2016, the trial court denied Stempien's Trial Rule 60 motion without hearing, and Stempien then filed a motion to correct error. Following a hearing, the trial court denied the motion to correct error.

[7] Stempien now appeals.

# Discussion and Decision

[8] Stempien challenges the trial court's denial of her motion to correct error, which followed the denial of her Trial Rule 60 motion seeking relief from the order dismissing the case. We review a ruling on a motion to correct error for abuse of discretion. *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). We also review a ruling on a Trial Rule 60 motion for abuse of discretion. *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006). The trial court abuses its discretion when its "judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

[9] Stempien argues that the trial court initially erred in denying her Trial Rule 60 motion without a hearing. Trial Rule 60(B) states that "[o]n motion and upon such terms as are just the court may relieve a party . . . from a judgment" for "mistake, surprise, or excusable neglect." Trial Rule 60 goes on to provide that "[i]n passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence . . . ." Ind. Trial Rule 60(D). "Thus, where there is no 'pertinent evidence,' a hearing is unnecessary." *State Farm Fire & Cas. Co. v. Radcliff*, 18 N.E.3d 1006, 1018 (Ind. Ct. App. 2014).

[10] In her Trial Rule 60 motion and motion to correct error, Stempien focused on excusable neglect as grounds warranting relief. To prevail on a claim of excusable neglect, the movant "must establish (1) excusable neglect and (2) a meritorious basis to set aside the judgment—also referred to as prejudice." *Thompson v. Thompson*, 811 N.E.2d 888, 903 (Ind. Ct. App. 2004). "Because the circumstances of each case differ, there are no fixed rules or standards for determining what constitutes . . . excusable neglect." *Fitzgerald v. Cummings*, 792 N.E.2d 611, 614 (Ind. Ct. App. 2003). "[T]he trial court must balance the need for an efficient judicial system with the judicial preference for resolving disputes on the merits." *Id.* Importantly, however:

> Although there are exceptions, generally, the negligence of an attorney is attributable to the client for Trial Rule 60(B) purposes, and attorney negligence will not support a finding of excusable neglect. *Morequity Inc. v. Keybank*, 773 N.E.2d 308, 314 (Ind. Ct. App. 2002), *trans. denied* (citing *Moe v. Koe*, 165 Ind. App. 98, 104-05, 330 N.E.2d 761, 765 (1975), *trans. denied*); *see also In re the Marriage of Ford*, 470 N.E.2d 357, 361 (Ind. Ct. App. 1984) ("We believe the only equitable result as between wife and the husband is for [wife] to suffer the consequences of any errors of judgment made by the attorney she hired."); *Vanjani v. Fed. Land Bank of Louisville*, 451 N.E.2d 667, 671 (Ind. Ct. App. 1983) (noting that numerous cases hold that the negligence of an attorney does not amount to excusable neglect as a matter of law); *but see Rose v. Rose*, 181 Ind. App. 98, 100-01, 390 N.E.2d 1056, 1058 (1979) (the general rule with regard to the negligence of the attorney being attributable to the client is tempered by Trial Rule 60(B)'s rule that the facts and circumstances of the particular case are controlling).

*Thompson*, 811 N.E.2d at 903-04. Moreover, an attorney has a duty to supervise nonlawyer assistants. Ind. Professional Conduct Rule 5.3.

[11] Here, Stempien attached an affidavit to her Trial Rule 60 motion. The affidavit pointed to matters in the personal life of Williams's assistant that the assistant said caused her to make certain mistakes at the law office: "I did not properly calendar court dates, discovery due dates, and at times I did not bring correspondence or court mail to Mr. Williams'[s] attention." (Appellant's App. Vol. II at 12.) The affidavit also briefly noted that Williams had family stresses during the same time period.

[12] Hearing or not, the sole support for Stempien's argument is excusable neglect. She has identified no other theory that potentially would have been available at a hearing.[1] *See Integrated Home Techs., Inc. v. Draper*, 724 N.E.2d 641, 643 (Ind. Ct. App. 2000) (remanding where a Trial Rule 60 motion, on its face, presented no basis for relief but the movant "might, at a hearing, be able to demonstrate . . . [a] valid Trial Rule 60(B) basis for relief"). Rather, Stempien continues to focus her argument on the trial court's purported inability to balance the equities when it denied her Trial Rule 60 motion. Stempien was no

---

[1] For the first time on appeal, Stempien points to Trial Rule 60(B)(8) as a potential source for relief. This is a "catch-all" provision, allowing relief for "any reason justifying relief from the operation of the judgment, *other than* those reasons set forth in sub-paragraphs (1), (2), (3), and (4)" of the rule. T.R. 60(B)(8) (emphasis added). Although Stempien cites this subsection of Trial Rule 60, Stempien has not developed argument that any alternate basis for relief actually applied. "Issues not raised at the trial court are waived on appeal." *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006). Moreover, Stempien has also waived this argument because it is undeveloped. Ind. Appellate Rule 46(A)(8)(a); *Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012) ("We will not review undeveloped arguments.").

doubt affected by the dismissal of her case. However, Stempien has established no basis for departure from the general rule that attorney negligence does not create a valid basis for Trial Rule 60 relief under a theory of excusable neglect. *Thompson*, 811 N.E.2d at 903. Ultimately, whether or not the trial court held a hearing, we cannot say that the trial court abused its discretion in denying Stempien's motion to correct error.

# Conclusion

[13] The trial court did not abuse its discretion when it denied Stempien's motion to correct error.

[14] Affirmed.

Najam, J., and May, J., concur.