**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000024
25-APR-2023
08:12 AM
Dkt. 70 MO**

NO. CAAP-18-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHRISTOPHER MARTINS, Plaintiff-Appellee,
v.
ELAINE KEAMOAI, fka ELAINE MARTINS, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 13-1-0149)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

In this divorce case, Defendant-Appellant Elaine Keamoai f.k.a. Elaine Martins (**Keamoai**) appeals from the following entered by the Family Court of the Fifth Circuit (**Family Court**):[1] (1) the "Amended Divorce Decree," filed December 14, 2017 (**Amended Divorce Decree**) and (2) the "Findings and Order Denying Defendant's Ex Parte Motion to Stay Enforcement of Divorce Decree Filed April 23, 2015 and Any Subsequent Orders and Granting Plaintiff's Oral Motion for Rule 60 Relief," filed December 14, 2017 (**Order Denying Motion to Stay Divorce Decree**).

On appeal, Keamoai contends the Family Court erred in failing to address her contention that her leasehold interest in a Hawaiian Home Lands property (**leasehold interest**) was not marital property subject to division and distribution when the Family Court ordered the marital residence located on the leasehold interest to be sold.

---

[1]  The Honorable Edmund Acoba presided.

Plaintiff Christopher Martins (**Martins**) contends that Keamoai waived this argument by failing to timely appeal from an order issued on April 5, 2016, which addressed, *inter alia*, the assets and debts of the parties (**Order Re: Assets and Debts**).

Based on the record, we conclude the Order Re: Assets and Debts and other orders affecting Keamoai's leasehold interest were not final and appealable orders until the Family Court entered the Order Denying Motion to Stay Divorce Decree and the Amended Divorce Decree on December 14, 2017.  Thus, Keamoai timely appealed and we have appellate jurisdiction to address the Order Re: Assets and Debts and subsequent orders regarding property division.  We further conclude the Family Court erred in failing to address Keamoai's contention that her leasehold interest in the Hawaiian Home Lands property was not marital property subject to transfer in this divorce proceeding.

## I.  Factual Background

Martins initiated the divorce proceedings against Keamoai.  On April 23, 2015, the Family Court entered a Divorce Decree (**4/23/15 Divorce Decree**), which stated in an introductory paragraph that "Plaintiff is entitled to a divorce from the bonds of matrimony" but did not contain any language that ordered, adjudged or decreed that the parties were divorced.  The 4/23/15 Divorce Decree specifically ordered that alimony, property division, child custody, child support, and tax issues would be determined at a further hearing in the case.

On September 16, 2015, Martins filed a Motion for Final Award of Assets and Debts and for Joint Physical Custody (**Motion for Final Award**) requesting that the marital residence located in Kekaha, Kauaʻi (**Marital Residence**) be listed for immediate sale so that Martins could receive his share of the proceeds. Following a series of hearings, Keamoai failed to appear at the final hearing on the Motion for Final Award.  The Family Court defaulted her, and entered the April 5, 2016 Order Re: Assets and Debts, which states in relevant part:

> Father has the right to assert that the marital home located [at] . . . Kekaha, Kauai, Hawaii shall be imputed a value of

2

> $356,300.00 in the event of a buyout of his share by Mother. Mother has thirty (30) days from receiving this Order to buy out Father's share.  Should she not pay him within thirty (30) days, Father shall have sole authority to list the property for sale and finalize the sale without Mother's participation.

On January 11, 2017, Martins filed a Motion for Post-Decree Relief and for Sanctions (**Motion for Post-Decree Relief**) requesting, among other things, that the "Chief Clerk of the Fifth Circuit Court . . . . [e]xecute any and all documents on Defendant's behalf to [e]ffect the sale of the Marital Residence, including but not necessarily limited to, the 'Homestead Lease Transfer Request' issued by the Department of Hawaiian Homelands . . . ."  On March 13, 2017, in response to the Motion for Post-Decree Relief and through a declaration of counsel by Shaylene Iseri (**Iseri**), Keamoai agreed in part that the Marital Residence could be sold, but she asserted that when the Marital Residence was built, she and Martins had an agreement that upon their death, the house and lease would be transferred to their nephew, whose mother allowed Keamoai to succeed her on the leasehold interest, which enabled Keamoai and Martins to build the Marital Residence.

On May 10, 2017, the Family Court entered an Order Regarding Motion for Post-Decree Relief.  With regard to the Marital Residence, the Family Court ordered:

> 1. <u>Residence Listed for Sale.</u> The Marital Residence located at . . . Kekaha, Kauai (the "property"), shall be listed for sale immediately. Julie Black is appointed as the real estate agent in charge of the sale of the property, and her duties shall include but not necessarily be limited to, listing the property for sale, advertising the property, showing the property to prospective buyers, and otherwise facilitating the sale through closing. Defendant may reside in the property while it is being sold, provided that Defendant cooperates in all manners and respects with the efforts of the real estate agent to sell the property expeditiously. The real estate agent shall have access to the property and shall give Defendant forty-eight (48) hours' [sic] advance notice of the dates/times when she will need access to the property for, among other things, showings and inspections. The real estate agent shall have access to the property by way of a lockbox.

On August 29, 2017, Keamoai filed Defendant's Ex Parte Motion to Stay Enforcement of Divorce Decree Filed April 23, 2015

and Any Subsequent Orders (**Motion to Stay**), because the Divorce Decree failed to include the following operative language: "A decree of divorce is granted. The bonds of matrimony between Husband and Wife are hereby dissolved. The parties are restored to the status of single persons. Either party is permitted to marry after the effective date of the divorce decree." Keamoai argued that "[a]bsent this language, it appears that the divorce was never finalized, and the property division and other findings that arose out of the divorce decree should be stayed." Keamoai further asserted that, at a hearing on April 4, 2017, her counsel raised the issue of whether the sale of the property encompassed the leased land. She also asserted she has acquiesced to the sale of the Marital Residence but not her leasehold interest, that her leasehold right is not a marital asset, and taking it away from her denies her due process rights.

On December 14, 2017, the Family Court entered the Order Denying Motion to Stay Divorce Decree, finding, *inter alia*, that: the court intended to divorce the parties pursuant to the terms contained in the 4/23/15 Divorce Decree; the court intended to divorce the parties from the bonds of matrimony even though the 4/23/15 Divorce Decree did not contain the operative language that Keamoai asserts was missing; the omission of the language from the 4/23/15 Divorce Decree was an inadvertent clerical error made by the parties, their counsel and the court; and the omission was clerical and thus curable pursuant to Rule 60(a) of the Hawaiʻi Family Court Rules (**HFCR**).[2] Accordingly, the Family Court ordered that: Keamoai's Motion to Stay was denied; Martins' oral motion for HFCR Rule 60 relief was granted; the orders in

---

[2] HFCR Rule 60(a) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

the 4/23/15 Divorce Decree and subsequent orders remain in full force and effect; the operative language be inserted *nunc pro tunc* into the 4/23/15 Divorce Decree and that Martins prepare an Amended Divorce Decree that included the operative language.

On December 14, 2017, the Family Court also entered the Amended Divorce Decree.

On January 12, 2018, Keamoai filed her Notice of Appeal.

## II.  Discussion

### A. Appellate Jurisdiction to Address Property Division

Keamoai's central point of error on appeal is that, although she raised the issue to the Family Court, the court failed to address her contention that her leasehold interest in the Hawaiian Home Lands property could not be transferred as marital property.  Keamoai argues that because the Hawaiʻi Constitution and statutes guide the administration of the Hawaiian Homes Commission and leasehold interests in Hawaiian Home Lands properties, ignoring Keamoai's argument regarding the forced sale of her leasehold interest "implicates the Due Process Clauses of the Hawaii State and Federal Constitutions . . . . [and] the right to a full and fair hearing on the issues [as well as] a ruling on the issues presented."  Keamoai asserts that because "the trial court has failed to rule in this regard, and the record is devoid of such a ruling in any filed order or finding of fact or conclusion of law," this court should remand the case to the Family Court to address whether Keamoai's leasehold interest is marital property subject to division and distribution upon divorce.

Martins contends Keamoai "waived her right to argue that the parties' real property should not be sold by failing to file a Notice of Appeal [from the Order Re: Assets and Debts] within the thirty (30) day deadline in accordance with Rule 4 of the Hawaiʻi Rules of Appellate Procedure[.]"  Thus, Martins contends this court lacks jurisdiction to remand the case back to

the Family Court for consideration of whether the leasehold interest is marital property.

For purposes of appeals from the Family Court, Hawaii Revised Statutes (**HRS**) § 571-54 (2006) provides that "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]"  HRS § 641-1(a) (2016) provides that aggrieved parties may appeal from "final judgments, orders or decrees[.]"  In determining when family court orders are final and appealable in divorce cases, this court has held:

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw.App. 493, 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided.  Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-119, 748 P.2d 801, 805 (1987) (footnote omitted).

In this case, the Family Court found that it had intended to divorce the parties pursuant to the 4/23/15 Divorce Decree.  However, the operative language -- which actually decreed the parties were divorced -- was missing.  Keamoai does not challenge the Family Court's orders to insert the operative language into the 4/23/15 Divorce Decree *nunc pro tunc* or to issue the Amended Divorce Decree, which was filed on December 14, 2017.  However, in assessing our appellate jurisdiction, we must determine the effect of such orders.

In determining when Keamoai was required to appeal in order to challenge the Family Court's orders on property division, this court's decision in Stratis v. Pacific Ins. Co., Ltd., 8 Haw. App. 79, 794 P.2d 1122 (1990), is pertinent.  There, during an initial appeal, this court instructed a circuit court to hold an evidentiary hearing on a motion for new trial claiming juror misconduct.  Id. at 80, 794 P.2d at 1123.  On remand, the circuit court held an evidentiary hearing and entered findings of fact and conclusions of law on December 30, 1988, from which the plaintiffs appealed.  Id. at 81, 794 P.2d at 1124.  However, the supreme court dismissed the appeal on grounds that "since there was no new order denying the motion for new trial, there was no appealable final judgment." Id. (citation and internal quotation marks omitted).  The circuit court thereafter entered an Order Denying Plaintiffs' Motion for New Trial on August 14, 1989 (**8/14/89 Order**), which stated the motion for new trial "is hereby denied *nunc pro tunc*, as of the date of entry on December 30, 1988." Id.  The plaintiffs filed a notice of appeal on September 1, 1989.  Id.

Given the *nunc pro tunc* provision in the 8/14/89 Order, this court addressed whether the plaintiffs had timely appealed such that the court had appellate jurisdiction.  Id. at 82, 794 P.2d at 1124.  The issue was stated as follows:

> Here, absent the "nunc pro tunc" provision, the September 1, 1989 filing of the appeal from the August 14, 1989 Order was timely.  However, was the appeal timely when the August 14, 1989 Order was made effective retroactively as of December 30, 1988?

Id.  This court concluded the appeal was timely because the time to appeal ran from the entry of the 8/14/89 Order, explaining:

> Under the Federal Rules of Civil Procedure, "the *actual* date of the nunc pro tunc entry will be controlling where the net effect of looking to the nunc pro tunc date would be a reduction or elimination of the time within which an appeal may be timely taken[.]" 6A J. Moore, J. Lucas & G. Grother, Jr., *Moore's Federal Practice* ¶ 58.08 at 58-81 (2d ed. 1989) (emphasis in original).
>
> State cases are in accord with the federal rule. The California Supreme Court has stated:

7

> Even if the judgment were entered nunc pro tunc, a party's right to an appeal cannot be cut off by antedating the entry of the judgment from which he desires to appeal.
>
> Phillips v. Phillips, 41 Cal.2d 869, 875, 264 P.2d 926, 930, (1953). See also Valley Nat. Bank of Arizona v. Meneghin, 130 Ariz. 119, 123, 634 P.2d 570, 574 (1981) ("an appeal can be taken from a judgment nunc pro tunc and ... the time for appeal runs from the entry of the judgment nunc pro tunc"); Joslin Dry Goods Co. v. Villa Italia, Ltd., 35 Colo.App. 252, 255, 539 P.2d 137, 139 (1975) ("a nunc pro tunc order cannot be used to reduce the time nor to defeat the right to take an appeal"); Utah State Bldg. Bd. v. Walsh Plumbing Co., 16 Utah 2d 249, 254, 399 P.2d 141, 144 (1965) (a nunc pro tunc provision "cannot be used to reduce the time nor to defeat the right to take an appeal").
>
> We adopt the rule of the foregoing authorities and hold that the thirty-day appeal time ran from the entry date of the August 14, 1989 Order, notwithstanding the nunc pro tunc provision therein.
>
> Accordingly, we have appellate jurisdiction in this case.

Id. at 82-83, 794 P.2d at 1124-25.

In this case, the 4/23/15 Divorce Decree did not contain any language dissolving the marriage.  Thus, it was not a final appealable order under Eaton.  7 Haw. App. at 119, 748 P.2d at 805.  Given that part (1) of the divorce proceedings -- dissolution of the marriage -- was not yet finalized at that time, the Order Re: Assets and Debts issued on April 5, 2016, and the Order Regarding Motion for Post-Decree Relief issued on May 10, 2017, were not final and appealable orders.  Id.  Further, under Stratis, even though the Family Court remedied the omission in the 4/23/15 Divorce Decree and inserted the operative divorce language *nunc pro tunc* to the 4/23/15 Divorce Decree, the time to file an appeal ran from December 14, 2017, when the Family Court entered the Order Denying Motion to Stay Divorce Decree and the Amended Divorce Decree.  Keamoai timely filed her Notice of Appeal on January 12, 2018.

Therefore, this court has jurisdiction to review whether the Family Court erred in failing to address whether Keamoai's leasehold interest was marital property subject to property distribution in this divorce proceeding.

### B.  The Family Court Erred in Failing to Address Keamoai's Leasehold Interest

"[A] judgment, decree, or order relating to the distribution or division of property will be reversed for error which is prejudicial, as where the court fails to determine questions involving property rights which have been raised[.]" 27C C.J.S. Divorce § 1032, Westlaw (database updated April 2023) (footnote omitted).

Here, the record reflects that Keamoai challenged the transfer of her leasehold interest in opposing Martins' Motion for Post-Decree Relief, and in her Motion to Stay she specifically asserted that her leasehold interest was not marital property subject to property division and that taking her leasehold interest violated her due process rights.  However, the Family Court did not address the issue in the Order Regarding Motion for Post-Decree Relief issued on May 10, 2017, in the Order Denying Motion to Stay Divorce Decree issued on December 14, 2017, or the Amended Divorce Decree issued on December 14, 2017.

Keamoai's leasehold interest in the Hawaiian Home Lands property is a property interest that cannot be taken without due process.  "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant property interest." Sandy Beach Def. Fund v. City Council of City and Cnty. of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).  The Family Court did not address Keamoai's challenge to transferring her leasehold interest.  This was error.  Cf. HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawai'i 33, 43-44, 464 P.3d 821, 831-32 (2020) (vacating and remanding case where defendant in mortgage foreclosure case made sufficient showing of laches defense and lower court failed to render determination on issue).

### III.  Conclusion

Based on the above, to the extent they affect Keamoai's leasehold interest in the Hawaiian Home Lands property, the Order Denying Motion to Stay Divorce Decree filed on December 14, 2017, and all other orders by the Family Court of the Fifth Circuit are vacated.  This case is remanded to the Family Court for further proceedings to address Keamoai's leasehold interest and any issues that arise from resolving that issue.

DATED:  Honolulu, Hawaiʻi, April 25, 2023.

On the briefs:

Jacob G. Delaplane,
for Defendant-Appellant

Anthony A. Perrault,
for Plaintiff-Appellee

Liʻulā Kotaki,
for Movant

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge