SHIRLEY ANN EATON, Plaintiff-Appellee, *v.* FLOYD BYRON EATON, Defendant-Appellant, and EDNA B. FINCHER, Intervenor-Appellee

NO. 11771

(FC-D NO. 86-1025)

DECEMBER 28, 1987

BURNS, C. J., TANAKA, J., AND CIRCUIT JUDGE HONDA IN PLACE OF ASSOCIATE JUDGE HEEN, RECUSED

OPINION OF THE COURT BY BURNS, C. J.

Defendant Floyd Byron Eaton (Defendant) appeals the district family court's August 6, 1986 "Findings of Fact, Conclusions of

Law and Order" (FOF&COL), "Judgement After Hearing" (Judgment), and "Final Decree of Divorce" (Decree). Defendant does not challenge the dissolution of the marriage. He challenges only the following categories of the district family court's FOF&COL, Judgment, and Decree: (a) spousal support; (b) division and distribution of property and debts; (c) claims by Defendant against his mother-in-law, Edna B. Fincher (Intervenor); and (d) claims by Intervenor against her daughter, Plaintiff Shirley Ann Eaton (Plaintiff), and Defendant.

The issues and our answers are:

I. Did the district family court's orders as to spousal support constitute an abuse of discretion? No.

II. In a Hawaii divorce case where the district family court has entered a final decree dissolving the marriage, awarding periodic spousal support, and dividing and distributing most, but not all, of the property and debts over which the district family court has jurisdiction, is the decree appealable with respect to the award of spousal support and the division and distribution of the property and debts? As to the award of spousal support, yes. As to the division and distribution of the property and debts, no.

III. In a Hawaii divorce case, assuming the district family court has subject matter jurisdiction to decide ancillary civil claims in excess of $10,000 between plaintiff, defendant, and a third party, are those decisions final and appealable before that part of the case dealing with the division and distribution of property and debts (part (4)) is final and appealable? Absent special circumstances justifying a right to an immediate appeal, no.

On March 20, 1986 Plaintiff filed a complaint for divorce against Defendant. On April 1, 1986 Intervenor filed a motion to intervene which was granted on May 6, 1986. In her June 13, 1986 complaint against Plaintiff and Defendant, Intervenor asserted "an ownership and possessory interest in the marital residence" and "an ownership interest in other marital property as a result of monies she loaned to but was never repaid by Defendant" and prayed for the following relief:

A. Sale of the marital residence located at 3030 Diamond Head Road and distribution of the net proceeds as follows: 50 percent to Intervenor; 25 percent to Plaintiff; 25 percent to Defendant.

B. Payment of $77,729.92[1] plus interest to her from Defendant's share of the proceeds from the sale of the property at 3030 Diamond Head Road;

C. Return to her of her household effects, landscape items, and tools in Defendant's custody or control.

On August 6, 1986 the district family court filed the FOF&COL, Judgment, and Decree.

In relevant part, the August 6, 1986 FOF&COL state:

### FINDINGS OF FACT

1. The parties are husband and wife having been married on June 30, 1956, in Reno, Nevada.

\* \* \*

5. The Intervenor is Plaintiff's mother and Defendant's mother-in-law.

6. Plaintiff, Defendant and Intervenor are the owners of that certain residence situated at 3030 Diamond Head Road, Honolulu[,] Hawaii.

7. The residence was purchased in 1975 pursuant to a Deposit Receipt, Offer and Acceptance (DROA), dated May 21, 1975[.] \* \* \*

8. The purchase price of the residence was $141,500.00[.] \* \* \*

\* \* \*

10. \* \* \* The final agreement provided that there was to be a down payment of $40,000.00, payment by way of a $60,000.00

---

[1] In her June 13, 1986 complaint, Intervenor alleged the following separate debts:

$ 8,500.00
18,500.00
$45,000.00
1,587.23
4,642.69

$78,229.92  Total

first mortgage and the balance of $41,500 payable $20,000.00 on August 15, 1975 and $21,500.00 on September 15, 1975.

11. Intervenor paid a total of EIGHTY THOUSAND DOLLARS ($80,000.00) of the purchase price, the $40,000.00 down payment and $40,000.00 of the payments scheduled for August and September. * * *

12. The balance of the purchase price, SIXTY ONE THOUSAND DOLLARS ($61,000.00) was secured by a first mortgage on the property.

13. The payments under the first mortgage were paid by the Plaintiff and the Defendant, and the Intervenor was never required to contribute to these payments.

14. Plaintiff and Defendant, except for contributions made by the Intervenor during the first year, paid all of the utilities and real property taxes.

15. The first mortgage was refinanced with the knowledge and consent of the Intervenor and the proceeds were used to make improvements to the structures on the property.[2]

16. Intervenor made various contributions of money and goods toward the maintenance and improvement of the property during the period.[3]

17. The Intervenor occupied the separate one bedroom apartment on the property.

18. The Defendant and his family occupied the main portion of the property.

19. After the Defendant's children grew up and left the home, a separate apartment was constructed from their rooms and was rented to third parties.[4]

20. Plaintiff and Defendant collected the rent from the apartment and did not share it with the Intervenor.

21. Plaintiff and Defendant paid the real property taxes, utility charges and insurance premiums on the subject property.

---

[2] The district family court made no finding as to the cost of these improvements.

[3] The district family court made no finding as to the cost of these improvements.

[4] The district family court made no finding as to the cost of this improvement or how it was financed.

22. Title to the property is held as follows: Plaintiff and Defendant jointly own an undivided ½ interest in the property in joint tenancy with Intervenor who owns the remaining, undivided ½ interest as tenant in severalty.[5]

\* \* \*

27. The fair market value of the property is THREE HUNDRED NINETY THREE THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($393,750.00).

\* \* \*

32. Upon the receipt of an offer for the property equal to or exceeding the then listing price or equal to a price acceptable to the parties, or one approved by the court, the property shall be sold and the proceeds disbursed as follows:

A. The Intervenor shall be reimbursed the sum of $9,575.00 which represents the amount over and above her share of the total purchase price of the property which she paid towards the purchase in 1975.[6]

B. The balance of the purchase price shall be divided equally and Plaintiff and Defendant shall be credited with ½ of said sum and Intervenor the balance.

C. From Plaintiff['s] and Defendant[']s share any and all mortgages on the property shall be satisfied.

33. Plaintiff and Defendant owe the Intervenor the sum of $8,500.00 and $18,000.00 which are secured by the promissory notes held by the Intervenor and received in evidence as Intervenor's exhibits I and II respectively plus the sum of $4642.69

---

[5] The recorded warranty deed dated August 22, 1975, pursuant to which the parties claim title, states that they own the property as "joint tenants". Although the parties agreed with Finding of Fact 22, they did not amend the record at the Bureau of Conveyances.

[6] The district family court found that the purchase price of the residence was $141,500; that Intervenor paid $80,000; and that Plaintiff and Defendant paid or will pay $61,000. It made no finding as to who paid the other $500, but the record indicates that it was paid by Plaintiff and Defendant. The record does not reveal the amount of the closing costs or who paid them. Thus, Intervenor paid $9,250 more than half and Plaintiff and Defendant paid $9,250 less than half of the purchase price. We deduce that the district family court had this difference in mind when it awarded Intervenor $9,575 more of the proceeds of the sale of the residence than it awarded to Plaintiff and Defendant. In Conclusion of Law 4.B., quoted *infra*, and in the final decree of divorce, the amount awarded to Intervenor is $9,500.

on the Honolulu Federal Loan number 52681-4 for a total of $31,142.69.[7]

34. Plaintiff is employed as a bartender/cocktail waitress and earns $572.50 net per month[.] * * *

35. * * * Documentation prepared by the Defendant indicates a net earning of approximately $3000.00 per month.

36. Defendant should pay to Plaintiff as and for spousal support the sum of $500.00 per month until the residence is sold and the proceeds distributed. [Thereafter] the support should be increased to the sum of $600.00 per month until further order of the court, Plaintiff remarries, or the death of either the Plaintiff of Defendant.

* * *

38. Defendant who continues to occupy the residence should continue to pay the mortgage, real property tax and utility payments until the property is sold.

* * *

### CONCLUSIONS OF LAW

* * *

4. None of the parties is financially able to purchase the interests of the others and the property should be sold and the proceeds divided as follows:

A. The net proceeds after deducting the cost of sale should be divided into two equal parts and Plaintiff and Defendant be awarded one part and the Intervenor the other part.

B. From the Defendant's and Plaintiff's share Intervenor should be reimbursed the sum of $9,500.00 which represents the sum in excess of her share of the purchase price which she paid in 1975.

C. The mortgage on the property should be paid from Defendant's and Plaintiff's share of the proceeds as this rep-

---

[7] Exhibit I is an $8,500 promissory note dated December 17, 1973. Exhibit II is a $45,000 promissory note dated December 26, 1973.

resents their share of the purchase price.

\* \* \*

6. The personal property of the Plaintiff and Defendant which have not yet been distributed should be divided in such a manner agreeable to the parties so that each receives approximately equal value.

\* \* \*

8. Defendant should pay as and for spousal support the sum of $500.00 until such time as the proceeds from the sale of the property are distributed, [thereafter] he should pay the sum of $600.00 for a period of Five (5) years but in no event after July 9, 1992 or until further order of the court, Plaintiff remarries, or the death of either Plaintiff or Defendant.

9. Plaintiff and Defendant jointly owe Intervenor the sum of $31,142.69.

\* \* \*

*ORDER*

\* \* \*

2. Judgement in favor of the Intervenor and jointly against the Plaintiff and Defendant in the sum of $31,142.69 shall be entered herein.

(Footnotes added).

The August 6, 1986 Judgment and Decree conformed to the FOF&COL. The August 6, 1986 Decree also provided in relevant part as follows:

3. Jeri Wong of Stark Realty, Ltd. is appointed commissioner to sell the real property situated at 3030 Diamond Head Road.

5. Plaintiff and Defendant shall turn over to the Intervenor those item[s] listed on Intervenor's exhibit VI. which are in their possession.

\* \* \*

7. Defendant shall be awarded as his sole property the 1978

Ford Thunderbird automobile and the 1985 pick-up truck he uses and Plaintiff shall be awarded as her sole property the 1983 Mercury automobile she uses, subject to any encumbrances which may exist and each shall execute the ownership documents to effectuate the transfer.

The sale of the residence for a gross price of $375,000 closed on April 30, 1987. Apparently, the proceeds were distributed in accordance with the FOF&COL, Judgment, and Decree.

## I.

Upon a review of the record we conclude that the district family court's order requiring Defendant to pay Plaintiff spousal support was not an abuse of discretion.

## II.

*Sua sponte* we conclude that we do not have appellate jurisdiction to review the district family court's decisions and orders as to the division and distribution of the property and debts over which the district family court had jurisdiction.

Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. *Black v. Black,* 6 Haw. App. ___, 728 P.2d 1303 (1986). In *Cleveland v. Cleveland,* 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts,[8] we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided,

---

[8] In light of *Boulton v. Boulton,* 69 Haw. ___, 730 P.2d 338 (1986), our recommendation applies especially to part (4).

but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

In this case, parts (1) and (3) were final and appealable on August 6, 1986. Part (4), however, is not final and appealable because the district family court has not fully and finally divided and distributed all of the property and debts of the Plaintiff and the Defendant over which it had jurisdiction. *See Black v. Black, supra.* The family court is required in divorce cases to divide and distribute all the property and debts over which it has jurisdiction. HRS § 580-47(a)(3). In this case, the district family court refused to perform its duty.

In many divorce cases, the family court expressly specifically and/or generally finally divides and distributes all of the property and debts of the parties over which it has jurisdiction. We recommend this practice in all cases. In some divorce cases, the family court expressly divides and distributes some of the property and debts of the parties and implicitly divides and distributes the remainder. *See DeMello v. DeMello,* 3 Haw. App. 165, 646 P.2d 409 (1982); *Jendrusch v. Jendrusch,* 1 Haw. App. 605, 623 P.2d 893 (1981). In this case, the district family court neither expressly nor implicitly divided and distributed the personal property of the parties. On the contrary, notwithstanding the expressed inability and unwillingness of the divorcing parties to do so, the district family court expressly left it to them to divide their personal property.

### III.

Upon the agreement of the parties, the district family court decided that the paper real estate title held jointly by Husband, Wife, and Intervenor was equitably owned one-half by Husband and Wife as joint tenants and one-half by Intervenor.

The district family court found that, except for the first year of ownership, Plaintiff and Defendant paid all of the utility, real property tax, and insurance expenses for the residence. The district family court denied Defendant's request for an order requiring Intervenor to reimburse plaintiff and defendant one-half of the total of those payments.

Defendant admitted owing Intervenor the $4,642.69 claim but disputed owing her the $8,500 and $18,000 claims. The district family court failed to adjudicate Defendant's statute of limitations affirmative defense and entered judgment in favor of Intervenor against Plaintiff and Defendant in the amount of the admitted claim plus the two disputed claims.

Thus, in this case, a district family court adjudicated an issue of title to real estate as between the husband, the wife, and the wife's mother; the wife's mother's civil claims in excess of $10,000 against her daughter and son-in-law; and the husband's civil cross-claims in excess of $10,000 against the wife's mother.

Assuming without deciding that the district family court had subject matter jurisdiction to adjudicate such issues[9] that jurisdiction was pendent, see 13B Wright, Miller & Cooper, Federal Practice and Procedure: *Jurisdiction 2d* § 3567 (1984 & Supp. 1987), ancillary, see 13 Wright, Miller & Cooper, Federal Practice and Procedure: *Jurisdiction 2d* § 3523 (1984 & Supp. 1987); 20 Am. Jur. 2d *Courts* § 100 (1965), or incidental, see Note, *A Closer Look at Pendent and Ancillary Jurisdiction: Toward a Theory of Incidental Jurisdiction,* 95 Harv. L. Rev. 1935 (1982), to the district family court's subject matter jurisdiction under HRS § 571-4(3) as follows: "Jurisdiction; adults. The court shall have exclusive original jurisdiction: * * * [i]n all proceedings under chapter 580[.]"

HRS § 580-1 states in relevant part as follows:

Jurisdiction; hearing. Exclusive original jurisdiction in matters of annulment, divorce, and separation, subject to section 603-37 as to change of venue, and subject also to appeal according to law, is conferred upon the family court of the circuit in

---

[9] District courts have limited civil jurisdiction, see HRS § 604-5, and limited criminal jurisdiction, see HRS § 604-8. They do not have jurisdiction over "real actions, nor actions in which the title to real estate comes in question[.]" *See HRS* § 604-5(d).

The family court has exclusive original jurisdiction in many cases involving children, see HRS § 571-11, and adults, see HRS § 571-14, and in matters of annulment, divorce, and separation, see HRS § 580-1. With respect to the family court's jurisdiction over children and adults, the jurisdiction of the district family courts, see HRS § 571-8, can be coextensive with the jurisdiction of the family courts, see HRS § 571-8.4. With respect to the family court's jurisdiction in matters of annulment, divorce, and separation, the statutes concerning the jurisdiction of the district family courts are not so explicit.

which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor.

Assuming without deciding that it was proper for the district family court to adjudicate such issues pursuant to its pendent, ancillary, or incidental jurisdiction, these issues are ancillary to part (4) (division and distribution of property and debts) of this divorce case. Therefore, decisions with respect to them ordinarily are final and appealable when part (4) is final and appealable. Since in this case part (4) is not final and appealable and there are no special circumstances justifying a right to an immediate appeal of the district family court's decisions on these pendent, ancillary, or incidental issues, we conclude that we do not have appellate jurisdiction to review them.

### CONCLUSIONS

We affirm the award of spousal support. Since we do not have appellate jurisdiction to review the district family court's decisions and orders as to the division and distribution of the property and debts over which the district family court had jurisdiction or as to matters pendent, ancillary, or incidental thereto, we dismiss the remainder of Defendant's appeal.

*Raymond Mundo* (*William K. Amona* with him on the briefs) for defendant-appellant.

*William C. Darrah* for plaintiff-appellee.

*Charles T. Kleintop* (*John W. Schmidtke, Jr.* with him on the brief) for intervenor-appellee.