**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000030
19-MAY-2020
12:51 PM**

NO. CAAP-20-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KG, Plaintiff-Appellant, v.
AG, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 14-1-0077)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record on appeal for appellate court case number CAAP-20-0000030, it appears that we lack jurisdiction over this appeal by Plaintiff-Appellant K.G. (K.G.), self-represented, from the Honorable F. Matson Kelley's February 4, 2020 post-judgment order granting in part K.G.'s December 16, 2019 motion for post-decree relief from the terms of child custody in the April 22, 2015 divorce decree that dissolved K.G.'s marriage with Defendant-Appellee A.N. (A.N.) in Family Court Case No. FC-D No. 14-1-0077.

In family court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. On April 22, 2015, the Family Court entered a divorce decree that satisfied the requirements for appealability under HRS § 571-54 and the holding in Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987), by

(1) dissolving the marriage of K.G. and A.N., (2) adjudicating the issues of child custody, child visitation, and child support, (3) adjudicating the issue of spousal support, and (4) dividing and distributing K.G.'s and A.N.'s property and debts.

Once the Family Court entered the April 22, 2015 divorce decree, all subsequent orders were post-judgment orders, and "[a] post-judgment order is an appealable final order . . . if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawaiʻi 318, 22 P.3d 965 (2001). Under analogous circumstances in civil circuit court cases, a "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

In the instant case, the February 4, 2020 post-judgment order did not finally determine all of the substantive issues, and, thus, did not end the post-judgment proceedings for K.G.'s December 16, 2019 motion for post-decree relief from the terms of child custody. Indeed, the February 4, 2020 post-judgment order scheduled a future hearing for the purpose of evaluating the opinion of a court-appointed child custody evaluator so that the Family Court could eventually make a final decision whether to alter the terms of child custody. Based on the record on appeal, the Family Court has neither announced nor entered any final decision on K.G.'s December 16, 2019 motion for post-decree relief. Therefore, the February 4, 2020 post-judgment order is

not an appealable final post-judgment order under HRS § 571-54. K.G.'s appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED, that appellate court case number CAAP-20-0000030 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 19, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge