**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000134
04-JUN-2020
01:14 PM**

NO. CAAP-20-0000134

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AS, Plaintiff-Appellee, v. WS, Defendant-Appellee,
and EC and BD, Movants-Appellants

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 04-1-0002)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN CAAP-20-0000134
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record of this appeal arising out of a post-judgment proceeding in a divorce case, it appears that we lack appellate jurisdiction over this appeal by Movants-Appellants E.C. (E.C.)[1] and B.D. (B.D.) from the February 26, 2020 post-judgment order granting in part and denying in part E.C.'s and B.D.'s January 6, 2020 post-judgment motion to unseal records from the divorce proceedings between Plaintiff-Appellee A.S. (A.S.) and Defendant-Appellee W.S. (W.S.) in Family Court case number FC-D No. 04-1-0002, because the February 26, 2020 post-judgment order does not qualify as an appealable final post-

_____

[1] Because this case involves a controversy involving the custody of the divorcing parties' minor child, we refer to the parties according to their initials rather than their full names in accordance with Rule 3(c)(1) of the Hawaiʻi Rules of Appellate Procedure.

judgment order under Hawaii Revised Statutes (HRS) § 571-54 (2018).

In Family Court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]"  HRS § 571-54.  On September 4, 2009, the Family Court entered a divorce decree that satisfied the requirements for appealability under HRS § 571-54 and the holding in Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987).

Once the Family Court entered the September 4, 2009 divorce decree, all subsequent orders were post-judgment orders, and a Family Court "post-judgment order is an appealable final order . . . if the order finally determines the post-judgment proceeding."  Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawaiʻi 318, 22 P.3d 965 (2001).

The February 26, 2020 post-judgment order did not finally determine all of the issues, and, thus, did not end the post-judgment proceeding for E.C.'s and B.D.'s January 6, 2020 post-judgment motion to unseal records from the divorce proceedings between A.S. and W.S.  The February 26, 2020 post-judgment order granted E.C.'s and B.D.'s January 6, 2020 post-judgment motion to the limited extent that E.C. and B.D. requested the Family Court to unseal pleadings, motions, documents, or declarations filed by A.S., any statements made by A.S. in family court transcripts, and any records containing information specific to A.S.'s finances with private account information redacted.  The February 26, 2020 post-judgment order denied E.C.'s and B.D.'s January 6, 2020 post-judgment motion to the limited extent that E.C. and B.D. requested the Family Court to unseal pleadings, motions, documents, or declarations filed by W.S. and any statements made by W.S. in Family Court transcripts.

However, the February 26, 2020 post-judgment order concluded by providing that E.C., B.D. and W.S. stipulated that a Special Master, whose fees will be paid by E.C. and B.D., will review the case file and, at some time in the future, determine what information to redact and which documents to provide to E.C. and D.B.

Therefore, we conclude that the Family Court has not yet determined the exact scope of the records that E.C. and B.D. will be allowed to access, and, at some point in the future, the Special Master will apparently recommend to the Family Court what information to redact and which documents to provide to E.C. and B.D., after which the Family Court will presumably issue a formal order designating exactly the records that E.C. and D.B. will be allowed to access. E.C.'s and B.D.'s appeal is premature at this point in time, and we lack appellate jurisdiction under HRS § 571-54.

Therefore, IT IS HEREBY ORDERED, that CAAP-20-0000134 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-20-0000134 are dismissed as moot.

IT IS FURTHER HEREBY ORDERED as follows:

1. The appellate clerk shall designate for *in camera* review the record on appeal filed at dockets 27, 29, 31, and 33, on May 12, 2020, without prejudice to the Family Court's further orders concerning the January 6, 2020 post-judgment motion or further relief in any subsequent appeal.

2. With respect to the record on appeal, filed May 12, 2020, except for documents contained in the record on appeal that were filed in the underlying case on or after January 2, 2020, and the Family Court clerk's minutes for February 13, 2020, E.C., B.D., and their counsel shall (a) immediately delete or destroy any paper, electronic, digital, or facsimile copies or notes, recordings, or images of any document or image obtained from the record on appeal; (b) not use at any time in any manner for any purpose any information obtained from the record on appeal that

3

is not otherwise publicly available; (c) not distribute or publish any paper, electronic, digital, or facsimile copies or notes, recordings, or images of any document or image obtained from the record on appeal; and (d) if E.C., B.D., or their counsel have distributed or published any paper, electronic, digital, or facsimile copies or notes, recordings, or images of any document or image obtained from the record on appeal, then they shall immediately retrieve the item from the recipient and destroy it, or instruct the recipient to destroy it and not distribute, duplicate, or publish the item or any information obtained from it that is not otherwise publicly available. Failure to comply with this portion of the order may result in sanctions.

IT IS FURTHER HEREBY ORDERED that the court reporters shall not prepare and file in this appeal transcripts of any "Unknown/Sealed" proceedings requested by E.C. and B.D. on March 12, 2020.

IT IS FURTHER HEREBY ORDERED that the appellate clerk shall serve this order on the Clerk of the Family Court of the Fifth Circuit and Supervising Court Reporter Melissa Noble.

DATED: Honolulu, Hawaiʻi, June 4, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge