**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000462
28-AUG-2020
07:55 AM**

NO. CAAP-20-0000462

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RL, Plaintiff-Appellee, v.
DL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. FC-D 11-1-0477)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN CAAP-20-0000462
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record of this appeal arising out of a post-judgment proceeding in a divorce case, it appears that we lack appellate jurisdiction over this appeal by Defendant-Appellant D.L. (D.L.) in appellate court case number CAAP-20-0000462 from the July 17, 2020 amended findings of fact, conclusions of law and order (July 17, 2020 amended FOF/COL/Order) and July 24, 2020 order awarding attorneys' fees and costs to Plaintiff-Appellee R.L., now known as R.V. (R.V.) in Family Court case number FC-D No. 11-1-0477. These two post-judgment orders have not finally determined and ended the last remaining issue in the post-judgment remand proceedings for the re-adjudication of some (but not all) issues in D.L.'s February 9, 2018 post-judgment motion for post-decree relief and Plaintiff-Appellee R.V.'s July 6, 2018 post-judgment motion to

enforce the July 27, 2012 divorce decree, as Hawaii Revised Statutes (HRS) § 571-54 (2018) requires for an appealable final post-judgment order.

In Family Court cases "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]"  HRS § 571-54.  On July 27, 2012, the Family Court entered a divorce decree that satisfied the requirements for appealability under HRS § 571-54 and the holding in Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987).

Once the Family Court entered the July 27, 2012 divorce decree, all subsequent orders were post-judgment orders, and a Family Court "post-judgment order is an appealable final order . . . if the order finally determines the post-judgment proceeding."  Hall v. Hall, 96 Hawaiʻi 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001)  (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawaiʻi 318, 22 P.3d 965 (2001), overruled in part on other grounds, Eckard Brandes, Inc., v. Dept. of Labor and Industrial Relations, 146 Hawaiʻi 354, 463 P.3d 1011 (2020).  Under analogous circumstances in civil Circuit Court cases, a "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished."  Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).  "[T]he separate judgment requirement articulated in Jenkins [v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994)] is inapposite in the post-judgment context."  Ditto, 103 Hawaiʻi at 158, 80 P.3d at 979.  "Accordingly, the time for appealing the matters conclusively decided by the . . . [post-judgment] order commenced upon entry thereof, not upon entry of the superfluous . . . judgment on the [post-judgment] order."  Id. at 159-60, 80 P.3d at 980-81.  However, the Family Court's post-judgment order must resolve all of the issues in the post-judgment remand proceeding

2

in order to qualify as an appealable final post-judgment order under HRS § 571-54.

In a prior appeal in CAAP-18-000727 from the same underlying case in FC-D No. 11-1-0477, this court entered a January 21, 2020 memorandum opinion affirming in part and vacating in part the Family Court's prior adjudication of the D.L.'s February 9, 2018 post-judgment motion for post-decree relief and R.V.'s July 6, 2018 post-judgment motion to enforce the July 27, 2012 divorce decree.  We remanded this case to the Family Court with instructions on how to re-adjudicate a subset of the issues.  On remand, the Family Court is apparently utilizing a series of multiple post-judgment orders to adjudicate that subset of the issues.  Under analogous circumstances in an appeal from a Circuit Court case in which the separate judgment document rule under HRCP Rule 58 did not apply, the Supreme Court of Hawaiʻi explained that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted).  In the present case, the Family Court has adjudicated most of the issues by way of the June 17, 2020 amended FOF/COL/Order and the July 24, 2020 order awarding attorneys' fees and costs.  However, the Family Court expressly reserved its adjudication of the last remaining issue in this post-judgment proceeding, namely statutory interest, and, instead, the Family Court expressly scheduled a future December 17, 2020 hearing for its final adjudication of statutory interest.  Consequently, this post-judgment proceeding has not yet concluded.

After entry of a post-judgment order that finally determines this last remaining issue, any aggrieved party will have an opportunity to timely appeal.  Because the Family Court

3

has not yet concluded this post-judgment proceeding, D.L.'s appeal is premature, and we lack appellate jurisdiction under HRS § 571-54.

Therefore, IT IS HEREBY ORDERED, that this case is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-20-0000462 are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, August 28, 2020.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge