<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000765
19-SEP-2022
10:40 AM
Dkt. 74 SO**</span>

NO. CAAP-19-0000765

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHRISTOPHER JAMES HEALY, Plaintiff-Appellee,
v.
ROSEBUD HEUN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(3DV171000018)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Defendant-Appellant Rosebud Heun
(**Wife**) appeals from the **Divorce Decree** entered by the Family
Court of the Third Circuit on September 16, 2019.[1] For the
reasons explained below, we affirm the Divorce Decree.

Wife was married to self-represented Plaintiff-Appellee
Christopher James Healy (**Husband**). Husband filed a complaint for
divorce. A process server was unable to personally serve Wife.
Wife was served by publication. Wife did not respond to the
complaint. On January 7, 2019, the family court entered Wife's
default and a divorce decree.

On March 27, 2019, Wife filed a motion to set aside her
default and the divorce decree. Wife and Husband subsequently
filed multiple motions and other papers. An order setting aside

---

[1] The Honorable Charles H. Hite presided.

Wife's default was entered on August 12, 2019; the family court reserved ruling on all other motions.

A hearing was held on August 15, 2019. Wife was represented by counsel; Husband was self-represented. The hearing concluded with the following exchange:

> THE COURT: Okay. All right. And thank you both for settling this case. Thank you both for settling the other case.[2] And thank you, [Wife's counsel].
>
> [WIFE'S COUNSEL]: Thank you, Your Honor.
>
> [WIFE]: And thank you --
>
> [HUSBAND]: Thank you.
>
> [WIFE]: -- Judge Hite.

The family court asked Wife's counsel to prepare a divorce decree and to serve it by notice of submission.

On September 6, 2019, Wife's counsel filed a notice of submission of the divorce decree. Wife filed objections to the proposed divorce decree on September 13, 2019. The Divorce Decree was entered on September 16, 2019.[3] An order granting Wife's counsel's motion to withdraw was entered on October 22, 2019. This appeal followed.[4]

Wife raises three points on appeal:

A. Did the Family court [sic] reversibly err at the 08/15/19 trial when it failed to ask [Wife] or

---

[2] Wife had filed a petition for order of protection against Husband on March 18, 2019. Heun v. Healy, Case No. 3DA191000163, Family Court of the Third Circuit, Hawaiʻi.

[3] The Divorce Decree: (1) dissolved the marriage; (2) acknowledged the parties had no children; (3) did not award spousal support to either party; and (4) divided and distributed the parties' property and debts. See Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (describing the four discrete parts of a divorce case in Hawaiʻi).

[4] Wife's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure. The Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). We address Wife's arguments to the extent we are able to discern them.

otherwise confirm that she understood and agreed to the parties' stipulated Divorce Decree?

B.   Did the Family court [sic] abuse its discretion when it allowed the entry of a patently unfair Divorce Decree settlement in favor of [Husband] depriving [Wife] of her Fourteenth Amendment property rights?

C.   Did the Family court [sic] abuse its discretion when it summarily entered final Divorce Decree without [Wife]'s signature?

The transcript of the August 15, 2019 hearing indicates that the Divorce Decree was the result of a settlement between the parties.  "[T]he enforceability of a settlement agreement is a conclusion of law reviewable de novo."  Assocs. Fin. Servs. Co. of Haw. v. Mijo, 87 Hawai‘i 19, 28, 950 P.2d 1219, 1228 (1998) (citation omitted).  "To determine the validity of [a] settlement agreement, the court looks to the totality of the circumstances surrounding the making of the agreement."  Id. at 29, 950 P.2d at 1229 (citations omitted).

> Where the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and *cannot be set aside except on the grounds that would justify rescission*.  Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.

Id. at 28–29, 950 P.2d at 1228–29 (citation omitted).  "[T]he essential elements of a contract [are]: (1) capacity to enter the contract, (2) offer, (3) acceptance, and (4) consideration."  Calipjo v. Purdy, 144 Hawai‘i 266, 280, 439 P.3d 218, 232 (2019).

The transcript of the August 15, 2019 hearing reflects the essential elements of a contract.  Wife and Husband were both present (Wife was represented by counsel at the time).  The agreed-upon terms were discussed on the record:

> THE COURT:  Okay.  Everybody please be seated.
>
> Now we're going to deal with the divorce.  I understand that there is an agreement, okay, and the

agreement is that [Wife] will get a car, and we'll go into the details of that. And [Husband] has agreed to the one-year permanent order of protection, and he gets everything else. . . .

. . . .

THE COURT: Well, [Husband]'s home is in his name only, but to be fair, it's considered marital property; but he will be responsible -- it's my intent, since this was my understanding of the settlement, to award him the house, and he will be responsible for the debt on the house. Okay. And it is my intent to award -- whatever property [Wife] has, she keeps them. It is my intent to award her one car, and we'll get to that.

I'm not going to ask for an equalization payment from [Husband], because that was not discussed. . . .

. . . .

[WIFE'S COUNSEL]: Yes, Your Honor. It's our understanding that whatever property -- however property is titled as it is now should remain that way, and the assets should be awarded according to title, along with their liabilities, with the exception of the Toyota Prius to be discussed later.

. . . .

THE COURT: Okay. So in the present, nobody has a joint account?

[WIFE]: Not that I know of.

THE COURT: Okay. In other words, there's none that are in existence now. Is that correct?

[WIFE'S COUNSEL]: That's correct, Your Honor.

THE COURT: Okay. So each is awarded title in their name alone. Each one gets their own accounts.

I'm going to skip the vehicles for just a minute.

Real property. Do you own real property?

[WIFE]: Um-hum.

THE COURT: In your name?

[WIFE]: Um-hum.

THE COURT: Okay. You own real property in your name?

[HUSBAND]: Yes.

THE COURT: Okay. Each party gets the real property in their name and are responsible for any debt on the real property. Okay?

. . . .

All other assets, personal belongings -- and we'll get to that too -- furniture, household effects, art, stamps, coins, equipments, jewelry, et cetera. Each party is awarded the personal belongings and household effects in their possession. And we will get to -- I have marked that down.

Each party shall pay all the credit card and other debts, if any, now in their name alone.

Are there any joint debts?

. . . .

[HUSBAND]: Not that I know of.

[WIFE'S COUNSEL]: No, Your Honor.

THE COURT: Okay, no joint debts.

Everybody is responsible for the credit card and other debt, if any, now in their name alone.

Would you like to change your name? You're entitled to do that. You can have your birth surname or you can keep your former married name. Up to you.

[WIFE]: I'll keep Rosebud Heun.

THE COURT: Sorry?

[WIFE]: Rosebud Heun.

THE COURT: Okay, Rosebud Heun.

Wife shall resume the use of her birth surname, Rosebud Heun.

H-e-u-n. Is that correct?

[WIFE]: Right. Thank you.

THE COURT: Okay. Now let's go to the vehicles. How many vehicles are there? [2002 Chevrolet Blazer to Husband; 2015 Toyota Prius to Wife; 2003 Nissan Sentra to Husband; 2001 Toyota Sienna to Wife.]

. . . .

THE COURT: Okay. All right. Personal effects. That's the final sticking point.

. . . .

[WIFE]: Right. We'll definitely give him back what -- no one is going to hold his stuff.

. . . .

[WIFE]: Not furnitures -- not furniture?

[HUSBAND]:  No, I don't want any furniture.

[WIFE]:  Because Exhibit D –

[HUSBAND]:  In Exhibit D, there was no furniture. There was a fridge that I paid fully for.  There was solar panels that I paid fully for.  I'm not wanting those.

[WIFE]:  But that was --

THE COURT:  Wait, wait, wait.  He doesn't want it.  He doesn't want it.

. . . .

Okay.  [The solar panels] stay with the house.  That's fine.  And the furniture, he says, even though he paid for it, he doesn't want it.  And that's fine too.

. . . .

. . . I just want a clean divorce decree granted. We've all agreed to it today.  We all settled it, and it's on the record.

. . . .

[WIFE'S COUNSEL]:  Your Honor, the way I intended on wording it was that each party would be entitled to any personal possessions existing in the property which they have title to, with the exception of items of idiosyncratic value or, you know, personal value.

[HUSBAND]:  And any other assets that we own that's --

THE COURT:  Okay.

[WIFE]:  Can I clarify that a little bit?  I just want to make sure I understand that.

(Conference ensued between [WIFE] and [WIFE'S COUNSEL].)

[HUSBAND]:  So no alimony, no --

THE COURT:  No alimony. That's what I said.

[WIFE]:  Okay.  So, Your Honor, what I'm trying to explain is as we had a defaulted marriage before, and there was an Exhibit D that was entered into, the -- the default decree, that has a lot of the items that I don't have.  Some of them I don't know; we're going to find out.  He -- [HUSBAND] is going to write a new -- new list or a list that -- as he explained, those are the items, like your personal --

THE COURT:  I thought I made it clear.  There's going to be a new list.

[WIFE]:  New list.

THE COURT:  Yes.

6

> [WIFE]: So what if it's something that I really don't
> have --
>
> THE COURT: Then all you have to say is "I don't have
> it."
>
> [WIFE]: All right.

Husband and Wife thanked the family court at the conclusion of the hearing. The record contains substantial evidence supporting the family court's finding that the terms of the divorce had been settled. Wife's contentions that she did not understand or agree with the terms of the divorce settlement, and that she was deprived of her constitutional property rights without due process, are not supported by the record.

The September 16, 2019 Divorce Decree is consistent with the agreed-upon terms. Wife's contention that Hawaiʻi Family Court Rules Rule 58(g) required that she sign the Divorce Decree is not correct. Wife is not permitted to repudiate the Divorce Decree except on the grounds that would justify rescission. <u>Mijo</u>, 87 Hawaiʻi at 28-29, 950 P.2d at 1228-29.

> To constitute fraudulent inducement sufficient to invalidate the terms of a contract, there must be (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to his or her damage.
>
> The false representation, to be actionable, must relate to a past or existing material fact, and not to the happening of future events. Generally, fraud cannot be predicated upon statements that are promissory in their nature at the time they are made and that relate to future actions or conduct. A promise relating to future action or conduct will be actionable, however, if the promise was made without the present intent to fulfill the promise.

<u>Hawaii Cmty. Fed. Credit Union v. Keka</u>, 94 Hawaiʻi 213, 230, 11 P.3d 1, 18 (2000) (cleaned up). Wife cites no evidence in the record, and we find none, that she was fraudulently induced to agree to the terms of the divorce settlement.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

For the foregoing reasons, the Divorce Decree entered by the family court on September 16, 2019, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 19, 2022.

On the briefs:

Rosebud Heun,
Self-represented Defendant-
Appellant.

Christopher James Healy,
Self-represented Plaintiff-
Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge